IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

DONNA SIX,

        Plaintiff,

v.                                                        CIVIL ACTION NO.   3:15-cv-14377

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

The plaintiff, Donna Six, instituted this action under 42 U.S.C. § 405(g) on October 27, 2015, seeking judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits.  *See Pl.'s Compl.*, ECF No. 1.  By standing order, this action was referred to the Honorable Cheryl A. Eifert, United States Magistrate Judge, who filed her Proposed Findings and Recommendations (PF&R) on October 25, 2016 (ECF No. 11).  The PF&R recommends that this Court deny Plaintiff's request for judgment on the pleadings, grant Defendant's request to affirm the Commissioner's final decision, affirm the final decision, and dismiss this matter from the Court's docket.

Plaintiff filed an objection to the PF&R on November 10, 2016 (ECF No. 12) regarding the Administrative Law Judge's (ALJ) step three analysis, and Defendant filed a response on November 14, 2016 (ECF No. 13).  The Court will assess the Magistrate Judge's PF&R under a *de novo* standard of review.   28 U.S.C. § 636(b)(1)(C).

I. BACKGROUND

ALJ H. Munday decided Plaintiff's disability claim, determining that Plaintiff suffered from unspecified connective tissue disorder and systematic lupus erythematosus (SLE), both considered severe impairments. *Decision of the ALJ*, ECF No. 6-2, at 3, Tr. 14. The ALJ also determined that Plaintiff's medical record did not support a definitive diagnosis of narcolepsy or postural hypotension, so those impairments were not considered severe. *Id.* at 4, Tr. 15. Other medical concerns that were listed as non-severe included gastroesophageal reflux disease, migraines, pleurisy, hypothyroidism, Raynaud's phenomenon, carpal tunnel syndrome, and benign essential hypertension. *Id.* These conditions were treated successfully with medicine and did not cause a significant limitation on Plaintiff's ability to perform basic activities. *Id.*

The ALJ compared Plaintiff's impairments to the Listings in 20 C.F.R. § 404.1520, Appendix 1, specifically considering unspecified connective tissue disorder under Section 14.06 of the Listings and SLE under Section 14.02. *Id.* at 6, Tr. 17. The ALJ did not find any evidence to support the conditions required under either listing. *Id.* The ALJ then delved into Plaintiff's medical record to determine her residual functional capacity and ultimately concluded that Plaintiff could continue her past work as a systems administrator, as well as work in semi-skilled, light exertion occupations such as a retail salesperson, case aide, or hotel clerk. *Id.* at 6-11, Tr. 17-22. Based on these conclusions, the ALJ denied Plaintiff's application for disability benefits.

The PF&R contains a thorough analysis of relevant information on Plaintiff's personal, medical, and procedural history. Plaintiff originally filed her Title II application for Disability Benefits for a disability onset date of March 11, 2011. After a series of decisions and appeals, the Appeals Council denied review on August 31, 2015, rendering the ALJ decision dated June 3, 2014 the Commissioner's final decision.

## II.     STANDARD OF REVIEW

In reviewing the PF&R, this Court must "make a de novo determination of those portions of the … [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).  The scope of this Court's review of the Commissioner's decision, however, is narrow.  This Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard."  *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)).  Substantial evidence is "more than a mere scintilla" of evidence, and requires only such evidence "as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation and citation omitted).

In conducting this review, this Court also must address whether the ALJ analyzed all of the relevant evidence and sufficiently explained her rationale in crediting or discrediting certain evidence.  *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another).  It is the ALJ's duty, however, not the courts, "to make findings of fact and to resolve conflicts in the evidence."  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (citations omitted).  If there is conflicting evidence and reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision.  *Craig*, 76 F.3d at 589 (citation omitted).  "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled,

but whether the ALJ's finding that she is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* (citation omitted).

Applying these standards, the Court has reviewed *de novo* the portions of the PF&R to which Plaintiff objected. For the reasons set forth below, the Court **ADOPTS AND INCORPORATES HEREIN** the PF&R of the Magistrate Judge, **DENIES** Plaintiff's brief for judgment on the pleadings, and **GRANTS** Defendant's brief in support of Defendant's decision. The ALJ decision is **AFFIRMED**, and this case will be **DISMISSED** from the docket.

### III.   DISCUSSION

The Social Security Regulations establish a five-step process to evaluate whether an individual is entitled to disability benefits. *See* 20 C.F.R. § 404.1520. The first step questions whether a claimant is currently engaged in substantial gainful employment that would prevent a benefit award. 20 C.F.R. § 404.1520(a)(4)(i). If not, the second step looks to whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant has a severe impairment, the third step requires the ALJ to compare the impairment to the Listings in Appendix 1 to determine if the impairments meet or equal the criteria. 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant meets the criteria of the listing, the claimant will be considered disabled. *Id.* If not, the fourth and fifth steps look to the claimant's residual functional capacity and whether the claimant can continue to engage in substantial gainful activity despite the impairments. 20 C.F.R. § 404.1520(a)(4)(iv-v).

In this case, Plaintiff challenges the ALJ's explanation at the third step and objects to the Magistrate Judge's finding that such error was harmless error. *See Pl.'s Obj.*, ECF No. 12, at 2. Plaintiff does not challenge the ALJ's decision to compare Plaintiff's impairments with the Listings under Sections 14.06 or 14.02, nor does Plaintiff argue that an additional Listing should

have been identified. Rather, Plaintiff attacks the lack of explanation contained within the ALJ's step three analysis, arguing that the deficiency cannot be supported by other areas in the decision. The ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." *See Decision of the ALJ*, ECF No. 6-2, at 6, Tr. 17. The subsequent two paragraphs detail the Listings of Impairments requirements for both Sections 14.06 and 14.02.[1] *Id.* The ALJ found "no evidence" to meet one of the listed impairments and proceeded to steps four and five of the analysis. *Id.*

Plaintiff's challenge focuses on the Fourth Circuit's rulings in *Radford* and *Fox*. In *Radford*, the district court reversed the ALJ's decision because the ALJ failed to provide evidence supporting his conclusion that Mr. Radford did not meet one of the listing impairments in step three. *Radford v. Colvin*, 734 F.3d 288, 292 (4th Cir. 2013). The decision stated only that the ALJ "considered, in particular, the listings above, and had noted that state medical examiners had also concluded after reviewing the evidence that no listing [was] met or equaled." *Id.* (internal

---

[1] Both Section 14.02 for SLE and 14.06 for undifferentiated and mixed connective tissue disease are evaluated with the same test. A claimant will meet the listing under either 14.02 or 14.06 with:

> "A. Involvement of two or more organs/body systems, with: 1. One of the organs/body systems involved to at least a moderate level of severity[,] and 2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss)[;] or
>
> B. Repeated manifestations of [impairment], with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at a marked level: 1. Limitation of activities of daily living[,] 2. Limitation in maintaining social functioning[,] 3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace."

20 C.F.R. Part 404, Subpt. P, App'x 1.

quotations omitted). The Fourth Circuit affirmed the reversal, holding that the ALJ conducted "insufficient legal analysis" that made "it impossible for a reviewing court to evaluate whether substantial evidence supports the ALJ's findings." *Id.* at 295. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). The court focused on the medical evidence from the record and within the written decision when making its determination. *See id.* ("A full explanation by the ALJ is particularly important in this case because Radford's medical record includes a fair amount of evidence supportive of his claim."). "Given the depth and ambivalence of the medical record, the ALJ's failure to adequately explain his reasoning precludes this Court and the district court from undertaking a meaningful review of the finding that Radford did not satisfy [the] Listing." *Id.* at 296. In fact, the conflicting evidence supporting Radford's claim for disability led the district court to take an impermissible step in remanding the case specifically to issue benefits, which the Fourth Circuit held as an abuse of discretion. *Id.* at 294-95.

In *Fox*, the Fourth Circuit essentially reiterated *Radford*'s holding. In that case, the magistrate judge recommended affirming the ALJ decision because the entire decision allowed for meaningful judicial review. *Fox v. Colvin*, 632 F. App'x 750, 753 (4th Cir. 2015). The ALJ's decision specified that treating physicians did not equate Mr. Fox's medical history to one of the Listings, "nor does the evidence show medical findings that are the same or equivalent to those of any listed impairment." *Id.* at 754-55 (mentioning the two listing sections referenced). The Fourth Circuit found that the analysis was "perfunctory and offered nothing to reveal *why* [the ALJ] was making his decision." *Id.* at 755. The court again focused on Mr. Fox's specific

medical evidence in the record that demonstrated a possible finding that Mr. Fox could meet the listing requirements. *Id.* (finding that "inconsistent evidence abounds" in the record without explanation as to why that evidence did not meet the Listings). Although the district court found substantial evidence elsewhere in the ALJ's decision, the Fourth Circuit highlighted *Radford*, stating "we emphasized that it was 'not our province—nor the province of the district court—to engage in these [fact-finding] exercises in the first instance.'" *Id.* at 754 (quoting *Radford*, 734 F.3d at 296). Because conflicting evidence existed in the record without explanation as to why it should not apply to the Listings, the court found remand appropriate. *Id.* at 756.

However, both *Radford* and *Fox* had plaintiffs who had conflicting medical evidence in the record that the ALJ did not explain in step three of the analysis, or elsewhere in the decision. Judge Thomas E. Johnston, from this District, has held that the *Radford* and *Fox* decisions do not preclude a district court from affirming an ALJ's decision when "the ALJ's opinion read as a whole provides substantial evidence to support the ALJ's decision at step three." *McDaniel v. Colvin*, Civ. No. 2:14-cv-28157, 2016 WL 1271509, at *4 (S.D.W. Va. Mar. 31, 2016) (internal quotations and citations omitted). If the decision contains elsewhere "an equivalent discussion of the medical evidence relevant to [the] Step Three analysis", the district court need not remand the case to reach the same eventual conclusion. *Id.* (citing *Capillo v. Comm'r of Soc. Sec.*, Civ. No. 5:15CV28, 2015 WL 6509127, at *3 (N.D.W. Va. Oct. 28, 2015)); *see also Meador v. Colvin*, Civ. No. 7:13-CV-214, 2015 WL 1477894, at *3 (W.D. Va. Mar. 27, 2015) ("A cursory explanation in step three is satisfactory so long as the decision as a whole demonstrates that the ALJ considered the relevant evidence of record and there is substantial evidence to support the conclusion."). Although the ALJ in *McDaniel* stated succinctly that "no evidence" existed to support the Listings requirements, the court found that the ALJ's final determination regarding joint dysfunction was

supported elsewhere in the decision. *McDaniel*, 2016 WL 1271509, at *6. Because the explanations and discussion were within the decision itself, the court did not need to "look beyond the ALJ's opinion to find substantial evidence supporting the ALJ's step-three determination." *Id.* However, if the ALJ does not explain her reasoning elsewhere in the record, as the ALJ in *McDaniel* failed to do in regards to nerve root compression, then remand is appropriate. *Id.* at *8. Thus, the court could affirm the ALJ determination as long as substantial evidence existed within the written decision.

The same is true in this case. Although it is better practice for the ALJ to include discussion within the step three analysis, the Court does not need to conduct any fact-finding or extensive investigation to find substantial evidence within the ALJ decision to support the determination that Plaintiff did not meet the Listings requirements. In order to meet either of the relevant Listings, Plaintiff would have to prove moderate severity for one of the organs or body systems and two of the constitutional symptoms, or prove repeated manifestations of the disease, with two of the constitutional symptoms, and a limitation in daily living, social functioning, or completing tasks at the marked level. 20 C.F.R. Part 404, Subpt., App'x 1. In Plaintiff's Brief in Support for Judgment on the Pleadings, Plaintiff argues that chronic pleurisy and hypertension with possible hypotension satisfies the moderate severity requirement for the organs or body systems. *Pl.'s Brief in Supp.*, ECF No. 7, at 10. The constitutional symptoms alleged include her chronic fatigue and malaise, explained as migraine headaches, dizziness, and drifting. *Id.*

However, as the Magistrate Judge thoroughly explains in the PF&R, the ALJ fully considered these medical diagnoses and found that they did not meet the severity requirements that the Listings criteria require. *See Proposed Findings & Recommendations*, ECF No. 11, at 21-29. Regarding the assertion of moderately severe pleurisy and hypertension, the ALJ determined that

neither consisted of a severe condition and could be adequately treated with medicine. *Decision of the ALJ*, ECF No. 6-2, at 4, Tr. 12. Although only moderate severity is required for the Listings, the ALJ determined that Plaintiff's hypertension and pleurisy were non-severe as they could be treated adequately with medicine, to which Plaintiff responded well, and had been found to be stable in the medical diagnoses. *Id.* at 5, Tr. 16. One of the doctor's reports also specify that Plaintiff's pleurisy symptoms were completely resolved in 2012. *Id.* Moreover, Plaintiff told her doctor that "her disease was reasonably controlled and she could manage the current level of her symptoms" in 2013. *Id.* at 8, Tr. 19. Hypotension was never diagnosed, and the ALJ did not regard the condition as a "medically determinable impairment" to consider in the disability benefit determination. *Id.* at 4, Tr. 15. There is no conflicting evidence in the record to suggest that any of these conditions were actually moderately severe, and the ALJ adequately explained why all three were medically manageable and how Plaintiff's conditions were routinely considered stable by her doctors.

Regarding Plaintiff's alleged constitutional symptoms, there is evidence in the record and explained by the ALJ that Plaintiff's fatigue was not severe and that her migraines did not rise to the level of malaise. "Severe fatigue means a frequent sense of exhaustion that results in significantly reduced physical activity or mental function." 20 C.F.R. Part 404, Subpt., App'x 1. The ALJ reported that the doctors considered Plaintiff's fatigue stable and that Plaintiff herself denied having any difficulty with sleeping. *Decision of the ALJ*, ECF No. 6-2, at 7, Tr. 18; *see also id.* at 9, Tr. 20. Having her fatigue stabilized does not result in a severe finding for the constitutional symptom, especially because there was no objective medical evidence of significantly reduced activity. *Id.* at 9, Tr. 20 (doctor finding that Plaintiff "was independent in all activities of daily living"). Additionally, the ALJ found that Plaintiff's testimony at the

hearing was not fully credible, specifically with her references to her fatigue. *Id.* at 7, Tr. 18 ("[T]he claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible …."). The ALJ fully explained that the objective medical evidence did not support the severity of Plaintiff's complaints. *Id.* (finding that Plaintiff's testimony of sleeping for twelve hours some days and sometimes taking naps was not supported by medical evidence). Thus, the ALJ adequately described why Plaintiff's fatigue was not severe in other parts of the decision.

Moreover, malaise is defined as "frequent feelings of illness, bodily discomfort, or lack of well-being that result in significantly reduced physical activity or mental function." 20 C.F.R. Part 404, Subpt., App'x 1. Migraines may be a symptom for malaise, but migraines alone will not lead to an automatic conclusion of the constitutional symptom. The ALJ noted that Plaintiff used to get three to four migraines a month, but that she now only has one or two migraines a month and sometimes none at all. *Decision of the ALJ*, ECF No. 6-2, at 4, Tr. 15; *see also id.* at 5, Tr. 16 (listing numerous denials of having a headache during doctor visits). Plaintiff described some brief dizziness to her doctor in 2012, but the doctor found "no actual vertigo or lightheadedness." *Id.* at 8, Tr. 19. Additionally, the ALJ relied on the medical evidence that showed that Plaintiff engaged in regular daily activities and was not affected by her symptoms to a significantly reduced level. *Id.* at 9, Tr. 20 (referencing a functional questionnaire in which Plaintiff described walking her dogs, preparing meals, doing housework, driving, shopping, making jewelry, and attending social functions). Thus, when looking at the entire decision, the Court finds that the ALJ adequately describes how Plaintiff's symptoms do not meet the Listings requirements.

Throughout the ALJ's decision, the Plaintiff's credibility is questioned and the objective medical evidence is described. The ALJ thoroughly discusses Plaintiff's alleged symptoms and conditions, including the severity of each. Although the ALJ did not repeat the analysis in the third step with the comparison to the Listings, the rest of the decision supports the finding that Plaintiff's conditions do not meet either of the Listings requirements. In affirming the ALJ's decision, neither this Court nor the Magistrate Judge had to engage in a fact-finding mission. The ALJ's written decision contains the substantial evidence necessary to support the finding that Plaintiff does not meet the disability requirements to obtain benefits. Thus, the ALJ decision must be affirmed.

### IV. CONCLUSION

Although it is not this Court's role to engage in a fact-finding expedition to support the ALJ decision, the evidence to explain why Plaintiff does not meet the Listing criteria is explained fully within the ALJ report. The Court finds the ALJ decision amenable to meaningful review and supported with substantial evidence to justify the denial of Plaintiff's disability benefits. Accordingly, having reviewed the PF&R and the Plaintiff's objections, and having reviewed the record *de novo*, it is **ORDERED** that: (1) the PF&R be, and hereby is, **ADOPTED AND INCORPORATED HEREIN**; (2) Plaintiff's brief for judgment on the pleadings is **DENIED**; (3) the brief in support of Defendant's decision is **GRANTED**; (4) the ALJ decision is **AFFIRMED**; and (5) this matter is **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: December 1, 2016

ROBERT C. CHAMBERS, CHIEF JUDGE